# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN, | ) 1:09-cv-00256 LJO GSA |
| Plaintiff, | ) ORDER REGARDING DISMISSAL OF ACTION |
| v. | ) |
| DAVID MOUNTAIN, P. HEARD, and DOES 1-7, | ) |
| Defendants. | ) |

Plaintiff Gregory McClellan ("Plaintiff"), a state prisoner appearing pro se and proceeding in forma pauperis, filed the instant complaint on February 10, 2009.  Plaintiff claims he was improperly held, by Defendants, beyond his parole release date for a period of 37 days, then released on December 16, 2007, only to be placed in custody for a parole violation approximately two months later.  In so many words, he claims that the basis for the parole violation is improper because he rescheduled an appointment with the Parole Outpatient Clinic ("POC") from February 11, 2008, to February 19, 2008, due to a conflicting work schedule of which his parole agent was aware.  On the day of the appointment, but prior to the time for the appointment, Plaintiff was arrested for violating parole.  Subsequently, imposition of punishment for the parole violation resulted in Plaintiff being confined for 150 days.  Plaintiff also makes a vague reference to GPS monitoring and its unconstitutionality, and an assertion that because he has not been diagnosed with a mental illness, Defendants could not mandate that he receive mental health or psychiatric treatment.  Plaintiff seeks monetary damages and injunctive relief.  Complaint at 1-3a.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Despite Plaintiff having filed a form complaint pursuant to 42 U.S.C. § 1983, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 488.

Here, Plaintiff does just that. He asserts that he was wrongfully imprisoned for 150 days as the result of a parole revocation. Because his challenge goes to the legality and duration of custody, or raises a constitutional challenge that could entitle him to an earlier release, his sole federal remedy lies in a writ of habeas corpus. *Wilkinson v. Dotson*, 533 U.S. 74, 125 S.Ct. at 1245-48.

With specific regard to Plaintiff's claim regarding the "unconstitutional GPS monitoring," referenced in his form Complaint at page 3a, this too is a challenge to the legality

of his custody. In fact, he indicates that the California Supreme Court denied his state habeas corpus petition on this very issue. Complaint at 3a.

As to Plaintiff's assertion that because he has not been diagnosed with a mental illness the Defendants may not mandate psychiatric illness, again, this too is a challenge to the legality of his custody and, therefore, his sole remedy lies in federal habeas corpus relief.

In sum, based upon the form Complaint filed February 10, 2009, Plaintiff may not at this time bring a civil rights action arising out of his allegedly wrongful parole revocation. Plaintiff's sole remedy is to file a petition for writ of habeas corpus. The same is true of his vague references to mandated psychiatric care and the use of GPS monitoring. Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

**Dated:   March 5, 2009**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE