UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>                  Plaintiff,<br><br>     v.<br><br>DAVID MOUNTAIN, et al.,<br><br>                  Defendants. | 1:09-cv-00256-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**FINDINGS**

Plaintiff is a former prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 10, 2009. (Doc. 1.)

On May 27, 2011, the court issued an Order directing the Clerk to redesignate this case as a prisoner civil rights case ("Order") and served the Order on Plaintiff at his last known address according to the court's record. (Doc. 14.) The United States Postal Service returned the Order on June 3, 2011 as undeliverable. A notation on the envelope indicated that Plaintiff was paroled. Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

///

///

1

1  Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the
2  court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent
3  part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since February 10, 2009.  The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with plaintiff based on plaintiff's failure to keep the court apprised of his current address, no lesser sanction is feasible.

**RECOMMENDATIONS**

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. This action be DISMISSED without prejudice for Plaintiff's failure to prosecute; and
2. The Clerk of Court be DIRECTED to close this action.

///

2

1    These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill,
2 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
3 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.
4 Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the
5 court and serve a copy on all parties.  Such a document should be captioned "Objections to
6 Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate
7 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Plaintiff is advised that failure to file
8 objections within the specified time may waive the right to appeal the District Court's order.
9 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   August 23, 2011**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE